**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 05-03074-01-CR-S-RED |
| | ) | |
| **GARY SINDEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

NOW before the Court is the Report and Recommendation of the United States Magistrate Judge (Doc. 29) recommending that the Motion to Suppress Evidence and Statements (Doc. 17) be denied. Defendant has filed his objections to the Report and Recommendation (Doc. 32).

The facts surrounding this case are comprehensively laid out in the Magistrate's report, and will only be summarized here. Officer James Beasley of the Pulaski County Police Department saw a vehicle in the parking lot of Baden's Moving and Storage at about 10:30 p.m. on April 13, 2004. Officer Beasley was working for the Dixon Police Department at the time. Officer Beasley knew there had been reports of vandalism and thefts to trucks and trailers that are parked on the lot and attempted to make contact with the vehicle for that reason. As he approached, he noticed there were actually two vehicles facing opposite directions that were pulled close together with their driver side mirrors almost touching, and the drivers facing each other. The officer recognized the vehicles as belonging to Frances Fenton and Defendant Sinden. He was also aware that Fenton had been involved in drug activity and had received unsubstantiated information that Defendant had also been involved in drug activity.

Officer Beasley made contact with the Defendant from the passenger side because he could

not get between the two vehicles. Officer Beasley testified, consistent with his incident report and probable cause statement, that the Defendant opened the passenger side door. Once Officer Beasley looked into Defendant's vehicle, he noticed a loaded gun magazine lying on the floorboard. Officer Beasley asked Defendant if there was a gun in the vehicle, and Defendant opened the console and pulled the gun out. At this point, Officer Beasley, for safety purposes, asked the other driver, Frances Fenton, to leave the area, which she did. He then walked around to the driver's side and asked Defendant to exit the vehicle.

Defendant was handcuffed after he exited the vehicle, for Officer Beasley's safety, and he was frisked for additional weapons. It was during this frisk that Officer Beasley felt a round, narrow object. This object was discovered to be a pen that had been modified. Officer Beasley testified that through his experience, such a pen is usually used to nasally ingest powdery, controlled substances. Defendant denied that he had any other substances, but then voluntarily gave Officer Beasley a piece of foil which Defendant stated Ms. Fenton had given to him. The Officer then conducted a further search and found a plastic sandwich bag of off-white powder on Defendant's person. This powder field-tested positive for methamphetamine.

Defendant was arrested for possession of drug paraphernalia. Defendant seeks suppression of the modified pen, the bag with methamphetamine, the gun, and the magazine with bullets. Defendant argues he was subject to illegal seizure and/or search as a result of four separate instances: (1) Officer Beasley did not have reasonable suspicion of criminal activity and seized the Defendant by parking in front of Defendant's parked vehicle in the parking lot, blocking Defendant's movement, (2) Officer Beasley did not have a reasonable suspicion that criminal activity was afoot when Defendant was placed in handcuffs, (3) Officer Beasley did not have

2

reasonable suspicion that Defendant possessed a weapon and thus the frisk for weapons was invalid, and (4) even if Officer Beasley was justified in conducting the frisk of Defendant, his search went beyond a permissible pat-down search under *Terry v. Ohio*, 392 U.S. 1 (1968) and *Minnesota v. Dickerson*, 508 U.S. 366 (1993).

The Court agrees with the Magistrate's finding that *United States v. Barry*, 394 F.3d 1070 (8th Cir. 2005) controls this case. The facts in *Barry* are quite similar. In *Barry*, the officer noticed a car parked late at night in an area where crimes had occurred. The officer approached the car, after parking in front of it, and knocked on the window of the vehicle. The occupant rolled down the window and officer could smell marijuana smoke and air freshener. The court held that

> [u]p to the point when Sergeant Brothers saw a mist inside the vehicle and smelled marijuana and air freshener, Sergeant Brothers exhibited no show of authority, that is, he never raised his voice, he never drew his holstered weapon, he never activated his emergency lights, and he never ordered Barry to exit his vehicle. Sergeant Brothers had merely approached a parked vehicle, which the Fourth Amendment permits. Barry had simply encountered a police officer in a public place. No reasonable person would have believed he was seized at that point. *Id.* at 1075.

Similarly, in the instant case, Officer Beasley approached the vehicles without a show of authority. Although he had parked in front of Defendant's car, there is no indication that this made Defendant feel as though he was not free to leave. Like the driver in *Barry* rolling down the window, it was Defendant who voluntarily opened the passenger side door.

The loaded magazine was in plaint view, at this point it was logical, prudent, and lawful for the officer to inquire as to whether there was a gun in the car and it is undisputed that in response Defendant voluntarily retrieved the gun from the console. Based on these circumstances, Officer Beasley had reasonable suspicion to detain Defendant. The Court further agrees with the magistrate that the events that ensued were within the parameters of a valid *Terry* stop. Defendant had

3

displayed a weapon, therefore Officer Beasely was presented with a serious danger in the course of carrying out an investigative detention and could constrain the suspect with handcuffs for the Officer's safety. *United States v. Fisher*, 364 F.3d 970, 973-74 (8th Cir. 2004).

There is no question that the officer was justified in conducting the pat down search, given the totality of the circumstances. *Terry*, 392 U.S. at 24. Officer Beasley was essentially checking for weapons when he felt a "round, narrow object" on Defendants person. Although this description may be somewhat lacking in detail, Officer Beasley was essentially describing the tubular shape of a pen. Viewing these facts against the background of the circumstances of this stop and in the light of common sense it is reasonable that the contour and mass of the object would give Officer Beasley probable cause to associate it as a possible weapon and be justified in further investigating the object pursuant to his *Terry* frisk. Consistent with *Terry*, Officer Beasley made no further intrusion of Defendant until he had felt the possible weapon. Once Officer Beasley further searched and viewed the object, a pen modified for the nasal ingestion of powdery controlled substances, the incriminating nature of the object was immediately apparent to him.

Although there is no evidence to support that Officer Beasley felt the sandwich bag that was found to contain methamphetamine during his pat down search, the Officer was now justified in searching the Defendant due to the probable cause generated from the discovery of the modified pen. Officer Beasley testified that after finding the pen, he was ready to arrest the Defendant for possession of drug paraphernalia. Thus, the fact that the search yielding the bag of methamphetamine preceded the formal arrest by only a few moments is of no constitutional consequence. *United States v. Skinner*, 412 F.2d 98, 103 (8th Cir. 1969).

For the reasons stated above, upon a *de novo* review, *see* 28 U.S.C. § 636(b) the Court

4

**OVERRULES** Defendant's objections (Doc. 32) and **ADOPTS** the Magistrate's Report and Recommendations in full. Accordingly, and for the reasons articulated by the Magistrate in the Report and Recommendations (Doc. 29) it is hereby

**ORDERED** that Defendant's Motion to Suppress (Doc. 17) is **DENIED.**

**IT IS SO ORDERED.**

DATE: February 2, 2006  */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT